MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS v. M. CASSINOBA.

Decided January 9, 1907.

**Appeal—Assignment—Costs—Offset.**

Where plaintiff, recovering judgment in Justice Court, assigned same, pending an appeal by defendant, to a third party, and the judgment on appeal being for a reduced amount carried the costs thereof in favor of defendant, there was no error in adjudging that plaintiff's judgment be paid to the assignee, whose contract was on file, and refusing to offset same with defendant's judgment for costs, in the absence of an issue raised by pleading as to such right of offset, arising from defendant's inability to collect costs from the plaintiff himself.

Appeal from the County Court of Bastrop County. Tried below before J. P. Fowler, Esq., Special County Judge.

*J. B. Price & J. H. Wiley,* for appellant.—The court erred in the judgment rendered and entered in this cause, in decreeing that the full amount of the recovery, one hundred and sixty-five dollars, for plaintiff, be paid over to his assignee, E. H. Eagleston, in that it is therein attempted to deny the defendant the right to set off the judgment against plaintiff for all costs by defendant incurred and expended in the County Court.

The assignee of a cause of action after suit brought is concluded by the judgment or decree between the original parties, and where on appeal the judgment of the lower court is reduced, and the appellant recovers of appellee the costs of the appeal, the appellant in settling the judgment with the assignee of appellee, is entitled to deduct the amount of these costs. Evans Co. v. Reeves & McGlasson, 6 Texas Civ. App., 258; Lee v. Salinas, 15 Texas, 495; Mitchell v. White, 47 Mo. App., 316.

*S. L. Staples* and *Orgain & Maynard,* for appellee.—The mortgagee had an equitable lien on the proceeds of the horses recovered by reason of the mortgage, and to assert it could have intervened in the suit, or if made a party by defendant would have been entitled to set up his said mortgage claim and have judgment directing the money paid to him, or if not having become a party, could sue for the value of the animals after suit was over. Focke v. Blum, 82 Texas, 436; Fouts v. Ayres, 32 S. W. Rep., 436; Kennedy v. Davis, 2 Texas U. C., 80.

One judgment can not be set off against another when to do so will injure the rights of third parties. Dutton v. Mason, 52 S. W. Rep., 651.

EIDSON, ASSOCIATE JUSTICE.—This is a suit for damages in the alleged value of certain horses killed by appellant's train. The action was brought in the Justice's Court, and appellee recovered judgment in that court for $200. Appellant appealed the case to the County Court. After appeal to the County Court was perfected, and before trial

in that court, appellee executed and filed in that court a written assignment of his cause of action in this case to E. H. Eagleston.

The trial in the County Court resulted in a verdict and judgment in favor of appellee for the sum of $165, and in favor of appellant against appellee for the costs in the County Court; and the judgment provided that the amount thereof, to wit, $165, be collected and paid over to E. H. Eagleston, the assignee of the cause of action.

Appellant's first and second assignments complain respectively of the verdict of the jury not being supported by the evidence, and the failure of the court to give to the jury its peremptory instruction to find in its favor upon the ground that appellee had failed to show any negligence on the part of appellant resulting in the death of the horses. While there was a sharp conflict in the evidence upon the issue as to whether the horses entered upon appellant's railroad track through the defective fence enclosing the right of way of appellant, there were circumstances adduced in evidence tending to support the affirmative of this issue, and we do not think we would be justified in holding that the jury was not warranted in so finding.

There is no error in the fifth paragraph of the court's charge. The only issue in the case was as to whether the horses passed through the defective fence in going on the track of appellant's road, and unless this was shown by a preponderance of the testimony, defendant was entitled to a verdict, and this the jury was told in this paragraph of the charge.

The refusal to give appellant's special charge No. 3 was not error, as the jury was instructed in the fourth paragraph of the court's charge that they could not find in favor of plaintiff unless they believed from a preponderance of the testimony that the two horses passed from the enclosure onto the right of way, not through the gateway, but over defendant's right of way fence, and were killed by defendant's locomotive and cars, etc. This was practically a special charge that they should find for defendant, unless they could determine from the evidence that the horses entered the right of way through the defective fence.

There was no error in the refusal of the court to give to the jury appellant's special charge No. 5, as this charge required the appellee to show, by a preponderance of the evidence, both that the gates were closed and that the horses entered the right of way through the defective fence to entitle him to a recovery; whereas, it was sufficient for him to show the latter, as in that event it would be unimportant whether the gates were open or closed.

There was no error in the action of the court below in providing in the judgment that the amount recovered should be paid to appellee's assignee. If appellant had equitable grounds entitling it to have the amount of the costs in the County Court set off against the judgment against it, such grounds should have been pleaded and proven, which was not done. For aught that appears in the record appellant can collect its judgment for costs in the County Court from the appellee herein.

The judgment of the court below is affirmed.

*Affirmed.*